FILED

**NOT FOR PUBLICATION**

NOV 13 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIZABETH EVON NICHOLS,

        Plaintiff - Appellant,

v.

CITY OF PORTLAND; et al.,

        Defendants - Appellees.

No. 13-35987

D.C. No. 3:12-cv-01889-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 5, 2015[**]
Portland, Oregon

Before:  KOZINSKI, BERZON, and WATFORD, Circuit Judges.

Elizabeth Evon Nichols appeals from a jury verdict entered against her

following a trial on her claims under 42 U.S.C. § 1983.  On appeal, she challenges

only the district court's formulation of two jury instructions, one pertaining to

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

whether the officers' use of force against her was reasonable and another stating the elements of a First Amendment retaliation claim under § 1983.

1. We need not decide whether Nichols preserved her objection to the district court's "least intrusive alternative" instruction. Regardless of our standard of review, that instruction was neither misleading nor an incorrect statement of the law. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011). The district court properly instructed the jury to consider whether the officers' use of force was objectively reasonable under the totality of the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989). Nichols argues that the "least intrusive alternative" instruction was erroneous because it did not expressly instruct the jury to balance the force used against the apparent need for force. The immediately preceding instruction made clear, however, that the jury was to consider those factors in determining whether the officers' use of force was reasonable.

2. Nor did the district court err by instructing the jury that, in order to find Sergeant McDaniel liable for First Amendment retaliation, it needed to find that his desire to chill Nichols's speech was a "substantial or motivating factor for [his] action." The court's instruction correctly reflected our case law concerning the causation element of a First Amendment retaliation claim brought by a private

plaintiff under § 1983. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (en banc); *Skoog v. Cty. of Clackamas*, 469 F.3d 1221, 1231–32 (9th Cir. 2006).

**AFFIRMED.**